Filed 4/3/23 P. v. Cooper CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ASHTON MARIE COOPER,<br><br>    Defendant and Appellant. | C096777<br><br>(Super. Ct. Nos. 20CF06107, 22CF00831) |

Appointed counsel for defendant Ashton Marie Cooper filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Finding no arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

## I. BACKGROUND

On June 22, 2022, defendant resolved two cases pending against her by plea. In case No. 20CF06107, defendant pled no contest to possession of a controlled substance for sale (Health & Saf. Code, § 11378) (the possession case). In case No. 22CF00831,

1

defendant pled no contest to forgery of a check exceeding $950 (Pen. Code, § 470, subd. (d))[1] (the forgery case). In exchange, the court dismissed the remaining charges and enhancements with a *Harvey* waiver.[2] The stipulated factual basis for her pleas was to be taken from the probation report.

On July 20, 2022, the trial court determined defendant was ineligible for probation, but even if she had been eligible, it would not grant her probation. Further, the court determined the aggravating factors outweighed the mitigating factors such that the court imposed the upper term of three years in the possession case and eight months consecutive in the forgery case with 149 days' custody credits for the possession case and 309 days' custody credit for the forgery case. The court also imposed two $300 restitution fines (§ 1202.4, subd. (b)), two $300 suspended parole revocation restitution fines (§ 1202.45), two $30 conviction assessment fees (Gov. Code, § 70373), and two $40 court operations assessment fees (§ 1465.8), and a theft fine (§ 1202.5) of $39 inclusive of penalty assessments. Defendant timely appealed and did not request a certificate of probable cause. Appellate briefing in this matter was completed on February 21, 2023.

## II. DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of her right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

---

[1] Subsequent undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

2

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant. Accordingly, we will affirm the judgment.

### III.  DISPOSITION

The judgment is affirmed.

/S/

<u>RENNER, J.</u>

We concur:

/S/

<u>HULL, Acting P. J.</u>

/S/

<u>MAURO, J.</u>